Roberta NOLAND, Appellant–Petitioner,

v.

FAMILY AND SOCIAL SERVICES ADMINISTRATION, DIVISION OF DISABILITY, AGING, AND REHABILITATIVE SERVICES, Venita Moore, in her official Capacity as Secretary of the Family and Social Services Administration, and Kathleen M. Wilson, in her official Capacity as Assistant Secretary of the Division of Disability, Aging, and Rehabilitative Services, Appellee–Respondent.

No. 49A02–0004–CV–245.

Court of Appeals of Indiana.

June 12, 2001.

**402**

Milo G. Gray, Jr., Gary W. Ricks, Debbie Dial, Indiana Protection and Advocacy Services, Indianapolis, IN, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

VAIDIK, Judge.

The State petitions for rehearing on *Noland v. Indiana FSSA,* 743 N.E.2d 1200 (Ind.Ct.App.2001). In that opinion, we held that it was wrong as a matter of law to require an individual to show that she needed twenty-four hour care in order to qualify for Intermediate Care Facility for the Mentally Retarded (ICF/MR) waiver services. Instead, we found that an individual's eligibility for placement in an ICF/MR is conditioned upon the individual's need for active treatment.

In support of our conclusion, we noted that waiver services are intended to provide less expensive non-institutional care to individuals who would otherwise be institutionalized in a more expensive situation. We further opined that the cost of providing twenty-four hour care in a non-institutionalized setting would always exceed the cost of providing twenty-four hour care in an institutionalized setting.

■ The State correctly points out that the opinion may imply that the cost of *each Medicaid recipient* on a community waiver must cost less than the costs of placement in an institution. However, federal regulation states:

Actual total expenditures. Assurance that the agency's actual total expenditures for home and community-based and other Medicaid services under the waiver and its claim for FFP in expenditures for the services provided to recipients under the waiver will not, in any year of the waiver period, exceed 100 percent of the amount that would be incurred by the State's Medicaid program for these individuals, absent the waiver, in—

(1) A hospital;

(2) A NF; or

(3) An ICF/MR.

42 C.F.R. § 441.302(f). Thus, the federal regulations require not that *each recipient* must cost less on the waiver than in an institution, but rather, *all recipients taken together* must cost less on the waiver.

■ Therefore, to the extent that our opinion may be read to imply that each individual must cost less on the waiver than in an institution, this was not our intention. Nor did we mean to imply that the State could not place a person requiring 24–hour supervision in an ICF/MR. We held, and continue to hold, that it is wrong as a matter of law to require a recipient to need 24–hour supervision in order to qualify for waiver services.

The petition for rehearing is granted. We affirm our original opinion in all respects, except as clarified in this opinion on rehearing.

KIRSCH, J., and NAJAM, J., concur.